Case 7:25-cv-00149   Document 23   Filed on 06/05/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 05, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, | § § § | |
| vs. | § § | CIV. NO. 7:25-cv-00149 |
| 0.519 ACRES OF LAND, <br> MORE OR LESS, ET AL. <br> Defendants. | § § § § | |

# ORDER

The United States initiated this action by filing a Complaint in Condemnation under the procedures set out in 40 U.S.C. §§ 3113 and 3114 for approximately 0.519 acres of land in Starr County for the purpose of maintaining and operating a border barrier. (Dkt. No. 1). The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1358. The Government filed a Motion for Immediate Possession. (Dkt. No. 16). This motion was referred to the undersigned magistrate judge for resolution.[1]

After review of the filings, record, and relevant law, and for the reasons set forth below, the Court concludes the Government's Motion (Dkt. No. 16) should be **GRANTED**. It is further **ORDERED** that all people or entities in possession or control of the subject property surrender possession or control of said property immediately.

---

[1] Because this matter is not dispositive, the magistrate judge may issue a written order stating the decision. Fed. R. Civ. P. 72(a). The parties may object to the order within 14 days and the district judge will review the order for clear error. *Id.* at advisory committee's note to 1983 amendment (noting applicability to court-ordered referrals of nondispositive matters under 28 U.S.C § 636(b)(1)(A)).

## I. <u>APPLICABLE LAW</u>

The United States is authorized to acquire land for public use "by condemnation, under judicial process, when the officer believes that it is necessary or advantageous to the Government to do so." 40 U.S.C. § 3113. Under the Declaration of Taking Act, the Government must file a declaration of taking, which must include five statutorily required components:

(1) a statement of the authority under which, and the public use for which the land is taken;
(2) a description of the land taken that is sufficient to identify the land;
(3) a statement of the estate or interest in the land taken for public use;
(4) a plan showing the land taken; and
(5) a statement of the amount of money estimated by the acquiring authority to be just compensation for the land taken.

40 U.S.C. § 3114(a)(1)-(5). Once the declaration of taking is filed and the amount of just compensation is deposited with the Court, title to the property vests in the Government, the land is condemned and taken, and the right to just compensation vests to those entitled. 40 U.S.C. § 3114(b). From there, the Court may determine the details by which the parties in possession must surrender possession to the Government. 40 U.S.C. § 3114(d)(1). Further, compensation must be determined and awarded through the proceeding and established by judgment and the Court may order the money deposited be distributed upon application by the parties in interest. 40 U.S.C § 3114(c)(1)-(2).

A defendant has two options in a condemnation proceeding. First, if a defendant has no objection or defense to the taking, then he "may serve a notice of appearance designating the property in which it claims an interest." Fed. R. Civ. P. 71.1(e)(1). Second, if a defendant has objections or defenses to the taking, then the defendant must serve an answer within 21 days of receiving notice of the proceeding and must state all objections or defenses or they will be waived. Fed. R. Civ. P. 71.1(e)(2)-(3). Any defenses raised are limited to challenging the Government's authority for the taking and ensuring Congress authorized takings for the stated purpose. *See*

*United States v. 6584 Acres of Land*, 533 F.Supp.3d 482, 493-94, 496 (S.D. Tex. 2021). In any event, "at the trial on compensation, a defendant – whether or not it has previously appeared or answered – may present evidence on the amount of compensation to be paid and may share in the award." Fed. R. Civ. P. 71.1(e)(3).

## II. ANALYSIS

On April 4, 2025, the Government filed its declaration of taking which included all required components per 40 U.S.C. § 3114. (Dkt. No. 2). The Government noted it had authority for the taking through the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 U.S.C. § 1103(b) & note; and the Act of Congress approved December 27, 2020, as Public Law 116-260, div. F, tit. II, 134 Stat. 1452. (Dkt. No. 2-1 at 2); 40 U.S.C. § 3114(a)(1). The stated purpose for the taking was to "construct, install, operate, and maintain border barrier, including gates and power to operate such gates as well as roads that will be required to construct, operate, and maintain the border barrier." *Id.* at 4. The Government provided the legal description of the land sufficient to identify it. *Id.* at 6-7; 40 U.S.C. § 3114(a)(2). The Government also provided a statement describing the estate taken and a plan showing the land. *Id.* at 9-12, 14; 40 U.S.C. § 3114(a)(3)-(4). The Government estimated just compensation for the taking at $18,656.00. *Id.* at 17; 40 U.S.C. § 3114(a)(5). On April 10, 2025, the Government deposited $18,656.00 into the Registry of the Court, thereby fulfilling all requirements under the Declaration of Taking Act. (Dkt. No. 7). At this point, title to the property immediately vested in the Government. 40 U.S.C. § 3114(b)(1); *see also 6.584 Acres of Land*, 533 F.Supp.3d at 495.

The Government identified nine parties with interests in the subject property and eight interested parties waived service while one interested party was notified through publication. (Dkt.

Nos. 5, 6, 8, 10, 11, 12, 17, 18, 22). Out of the parties to waive notice, David F. Reyes was the last one to waive service on April 21, 2025. (Dkt. No. 18). Thus, his deadline to file an answer or response in opposition to the taking was on May 12, 2025, 21 days after receiving notice. Defendants, unknown heirs/devisees of Pedro Rodriguez, were notified through publication on May 14, 21, and 28, 2025, setting their 21-day deadline to oppose the taking to June 18, 2025. (Dkt. No. 22). As of the date of this order, no interested party has opposed the taking, and the deadline to oppose for eight parties has passed. Thus, because the Government has satisfied its statutory requirements and no interested party has expressed opposition, the Government is entitled to immediate possession of the property. Government's Motion for Immediate Possession (Dkt. No. 16) is **GRANTED**.

### III. CONCLUSION

For the foregoing reasons, the undersigned **ORDERS** Government's Motion for Immediate Possession (Dkt. No. 16) be **GRANTED**.

The Government is instructed to confer with the parties and submit proposed findings of fact and evidence relating to the amount and distribution of just compensation as amicus curiae. *See United States v. 0.56 Acres of Land*, No.20cv428 DMS (KSC), 2024 WL 1716587, at *3 (S.D. Cal. Apr. 22, 2024) (pointing to Fed. R. Civ. P. 71.1 advisory committee's note to 1951 amendments).

The Clerk shall provide copies of this order to Plaintiff and Defendants.

**DONE** at McAllen, Texas, on 5th day of June 2025.

Juan F. Alanis
United States Magistrate Judge