UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　*Plaintiff,*<br><br>v.<br><br>0.519 ACRES OF LAND, MORE OR LESS,<br>SITUATE IN STARR COUNTY, STATE OF<br>TEXAS; AND DAVID F. REYES, JR., *et al.,*<br>　　　*Defendants*. | §<br>§<br>§<br>§ CIVIL ACTION NO. 7:25-cv-00149<br>§<br>§<br>§<br>§<br>§ |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.  **Rule 26(f) meeting.** State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.

    Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), Baltazar Salazar, Assistant United States Attorney on behalf of the United States of America ("Plaintiff"), conferred via telephone on May 30, June 4, 6, and 11, 2025, with Defendants, Marinela F. Reyes, Julissa Garcia and Maria Bazan, and with Catherine Garcia, counsel for the Office of the Attorney General; Mike Hudsonpillar, President for Starr County Produce; and Ethan Ranis, counsel for Ameida Salinas, Starr County Tax Assessor-Collector, Starr County, Texas, Starr County Farm to Market Road, Starr County Drainage District, Starr County Hospital District, South Texas College Annual Maint, and Rio Grande City Grulla Independent School District ("Taxing Authorities").

    Plaintiff attempted to confer pursuant to FRCP 26(f) with the following Defendant via telephone, regular mail, and/or email on May 27-28, 2025, however, has been unsuccessful in each attempt; said Defendant has waived service or has been personally served with notice:

    (1) David F. Reyes, Jr.

    Plaintiff has served the following named Defendants by publication in accordance with FRCP 71.1(d)(3)(B) because after diligent inquiry within the State of Texas, their place(s) of residence and/or business could not be ascertained by Plaintiff, or if ascertained, the place(s) or residence and/or business of said Defendants are beyond the territorial limits of personal service as provided in FRCP 71.1.[1]:

    (1) Unknown Heirs/Devisees of Pedro Rodriguez

---

[1] *See* Dkt. No. 22 *Certificate of Service by Publication*

Plaintiff has not conferred pursuant to FRCP 26(f) with the above-named Defendants and does not anticipate that they will participate in discovery in this action.

Prior to issuance of a scheduling order on the issue of just compensation, the Court must determine the parties entitled to just compensation by resolving the issue of title and ownership of the land the United States acquired in this action. Therefore, to resolve the issue of title in this action, **the parties request the Court schedule an evidentiary hearing on title approximately ninety (90) days from the scheduled June 26, 2025, Scheduling Conference. A proposed order is attached to this joint plan.**

2. **Jurisdiction.**

    a. **Basis.** Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.

    Plaintiff alleges the Court has subject matter jurisdiction over this condemnation action pursuant to 28 U.S.C. § 1358.

    b. **Diversity**. For jurisdiction based on diversity, identify any disagreement about the amount in controversy. If the case involves an unincorporated entity as a party (such as an LLC, LLP, or partnership), state the citizenship of every member or partner. Any such party must also attach to this filing an affidavit or declaration establishing the citizenship of every member.

    Not Applicable.

3. **Case background.**

    a. **General description.** Briefly describe what this case is about. In addition, state the elements of each cause of action, defense, and counterclaim.

    This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property for purposes of constructing, installing, operating, and maintaining border barrier, including gates and power to operate such gates as well as roads that will be required to construct, operate, and maintain border barrier; and for the determination and award of just compensation to the owners and parties in interest, in accordance with 40 U.S.C. §§ 3113 and 3114, which Plaintiff contends authorizes the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 U.S.C. § 1103(b) & note; and the Act of Congress approved December 27, 2020, as Public Law 116- 260, div. F, tit. II, 134 Stat. 1452, which appropriated the funds that shall be used for the taking.

    b. **Related cases.**  List all related cases pending in any other state or federal court. Identify the court and case number. Describe how it relates to this case.

    Plaintiff is condemning other property owned by Defendants Julissa Garcia, Maria Bazan, Marinela Reyes, and David F. Reyes, Jr. in civil action 7:25-cv-00200 pending before Judge Randy Crane for the same infrastructure purposes.

    c. **Class issues.** Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify the basis for any opposition.

    None.

4. **Parties.**

    a. **Unserved parties.** List any unserved parties. State a date certain by which that party will be served.

    None.

    b. **Additional parties.** List any anticipated additional parties. Identify the party seeking to add them, briefly explain why, and indicate a date by which to do so.

    None.

    c. **Interventions.** List and briefly explain any anticipated interventions.

    None.

    d. **Interested persons.** Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons.

    Plaintiff certifies it will file its Disclosure of Interested Persons on or by the Court's deadline.

5. **Discovery.**

    a. **Initial disclosures.** State whether each party has completed its Rule 26(a) initial disclosures. If not, specify the date by which each party will do so.

    The parties will provide initial disclosures pursuant to Rule 26(a)(1)(A) after the resolution of the issue of title; Plaintiff and the parties determined to have an interest in just compensation anticipate providing initial disclosures within 30 days after the entry of the Court's scheduling order on the issue of just compensation.

    b. **Phases.**  State whether the parties considered conducting discovery in phases.

    Upon the Court's determination of title and ownership in this action, Plaintiff and the parties determined to have an interest in just compensation anticipate initiating

     discovery 30 days after the entry of the Court's scheduling order on the issue of just compensation.

  c. **Completed.** Specify any discovery already underway or accomplished.

     None.

  d. **Limitations.** Describe any requested change to limitations set by the Federal Rules of Civil Procedure as to interrogatories, depositions, or other matters.

     Upon the Court's determination of title and ownership in this action, Plaintiff and the parties determined to have an interest in just compensation anticipate initiating discovery 30 days after the entry of the Court's scheduling order on the issue of just compensation.

  e. **Preservation.** Describe any issues about preservation of discoverable information.

     None at this time.

  f. **Disputes.** Specify any discovery disputes.

     None at this time.

6. **Orders.**

  a. **Protective order.** State whether the parties will request a protective order. Describe any issues about confidentiality.

     None at this time.

  b. **E-discovery order.** State whether the parties will request an electronic discovery order. Describe any issues about disclosure or discovery of electronically stored information.

     None at this time.

7. **Settlement.** Discuss the possibility for prompt, agreed resolution of the case at the Rule 26(f) meeting. State whether the parties are amenable to early mediation or other settlement attempt.

     Landowner Defendants Starr Produce Company and the following heirs of David S. Reyes: David F. Reyes, Jr., Julissa E. Garcia, Maria E. Bazan, and Marinela F. Reyes, have a competing interest in the land condemned in this action and will attempt to resolve the issue of title and ownership before the title hearing requested by the parties. Upon a determination on who among the competing landowner defendants held ownership of the parent parcel of the tract taken in this action, Plaintiff will attempt to resolve just compensation with the determined interested parties.

     The parties acknowledge that a lien for ad valorem taxes encumbers the land taken and agree to the full amount of just compensation to be paid in this action to being paid toward taxes owed after the resolution of the issue of title and ownership in this action, and additionally acknowledge a child support lien belongs to Landowner Defendant, David F.

Reyes, Jr. To the extent the Court determines that Landowner Defendant, David F. Reyes, Jr. held an interest in the land taken in this case, the Office of the Attorney General, named in this action, may be entitled to compensation in accordance with the child support lien encumbering Mr. Reyes's interest in the subject property.

The parties are amenable to formal and informal dispute resolution alternatives. Formal dispute resolution would be effective at the end of the discovery period.

8. **Trial.**

   a. **Magistrate Judge.** Indicate the parties' joint position on referral of this case for all purposes, including trial, to a Magistrate Judge.

   The parties request that this action not be referred to a Magistrate Judge for trial.

   b. **Jury demand.** Identify any party that has made a jury demand and whether it was timely.

   None.

   c. **Length of trial.** Specify the total number of hours it will likely take to present the evidence at trial in this case.

   The parties agree that to the extent a trial on the issue of just compensation is needed, this case could be presented in 10 hours or less.

9. **Other matters.** List any other matter that needs to be addressed at the Scheduling Conference.

   Prior to issuance of a scheduling order on the issue of just compensation, the Court must determine the parties entitled to just compensation by resolving the issue of title and ownership of the land the United States acquired in this action. Therefore, to resolve the issue of title in this action, **the parties request the Court schedule an evidentiary hearing on title approximately 90 days from the scheduled June 26, 2025, Scheduling Conference. A proposed order is attached to this joint plan.**

   Pursuant to 28 U.S.C. § 636(b)(1)(A), Plaintiff will file limited objections on or before June 20, 2025, to the Magistrate Judge's order recommending or granting Plaintiff immediate possession of the property taken in this case. Dkt. No. 23. Plaintiff's counsel will argue the objections filed, to the extent requested by the Court, at the Initial Conference scheduled for June 26, 2025. The Plaintiff may also discuss concerns regarding procedures to obtain possession.

10. **Proposed Scheduling Order.** Complete and attach a joint proposed scheduling order. Use Form 4 on this Court's home page.[2] Clearly indicate any disagreements with reasons in support of the requests made.

---

[2] https://www.txs.uscourts.gov/page/united-states-district-judge-drew-b-tipton

As discussed above, a proposed order scheduling an evidentiary hearing on title is attached to this joint plan in lieu of a scheduling order; upon a determination of title, the parties will submit a proposed scheduling order on the issue of just compensation within a time period provided by the Court after title is resolved.

Respectfully submitted,

**FOR DEFENDANTS:**

_____
David F. Reyes, Jr.
Rio Grande City, Texas

*s/ Julissa E. Garcia w/permission*
Julissa E. Garcia
McAllen, Texas

*s/ Maria E. Bazan w/permission*
Maria E. Bazan
McAllen, Texas

*s/Marinela F. Reyes w/permission*
Marinela F. Reyes
Rio Grande City, TX

*s/ Mike Hudsonpillar w/permission*
Mike Hudsonpillar
President for Starr Produce Company

*s/Ethan Ranis w/permission*
Ethan Ranis
TX State Bar No. 24098303
Linebarger, Goggan, Blair
and Sampson, LLP
P.O. Box 17428
Austin, Texas 78760
Phone: (512) 447-6675
Fax: (512) 693-0728
Counsel for Ameida Salinas, Starr County Tax Assessor-Collector, Starr County, Texas, Starr County Farm to Market Road, Starr County Drainage District, Starr County Hospital District, South Texas College Annual Maint., and Rio Grande City Grulla Independent School District

**FOR PLAINTIFF:**

**NICHOLAS J. GANJEI**
United States Attorney
Southern District of Texas

By:  *s/ Baltazar Salazar*
**BALTAZAR SALAZAR**
Assistant United States Attorney
S.D. Tex. ID. No. 3135288
Texas Bar No. 24106385
United States Attorney's Office
Southern District of Texas
600 E. Harrison, Suite 201
Brownsville, Texas 78520
Telephone: (956) 983-6057
Facsimile: (956) 548-2775
E-mail: Baltazar.Salazar@usdoj.gov
Attorney for Plaintiff

*s/ Catherine A. Garcia w/permission*
Catherine A. Garcia
Texas SBN: 00798196
SDTx Fed. ID No. 391345
Attorney General of Texas-CSD
3508 N. Jackson, Suite 100
Pharr, Texas 78774
Phone: (737) 288-6577
Fax (945) 631-2451
Counsel for the Attorney General of Texas – Child Support Division

## CERTIFICATE OF SERVICE

I certify that on June 12-13, 2025, a copy of the foregoing document was served on Defendants via regular mail and email.

*s/ Baltazar Salazar*
**BALTAZAR SALAZAR**
Assistant United States Attorney