UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>    *Plaintiff,* §<br> §<br>v. §<br> §<br>0.519 ACRES OF LAND, MORE OR LESS, §<br>SITUATE IN STARR COUNTY, STATE OF §<br>TEXAS; AND DAVID F. REYES, JR., *et al.,* §<br>    *Defendants*. § | CIVIL ACTION NO. 7:25-cv-00149 |

**UNITED STATES OF AMERICA'S PARTIAL OBJECTION
TO THE MAGISTRATE JUDGE'S ORDER OF JUNE 5, 2025 (DKT. NO. 23)**

    Plaintiff, the United States of America ("United States" or "Government"), respectfully objects in part to the Magistrate Judge's Order of June 5, 2025, Dkt. No. 23 ("the June 5th Order"). The purpose of the Declaration of Taking Act, 40 U.S.C. § 3114 (formerly 40 U.S.C. § 258a), is to provide the Government with "immediate possession of the property" so it can efficiently complete the public purpose for which the property was acquired. *United States v. Miller*, 317 U.S. 369, 381 (1943). At the same time, while the transfer of possession should be immediate, the Act preserves the landowners right to just compensation which will be accomplished through litigation or a negotiated settlement. While the United States requested and agrees with the June 5th Order's finding that it should be awarded immediate possession of the Subject Property, the United States respectfully requests that this and future orders granting the United States possession of condemned property be issued by the District Judge to avoid conflict with 28 U.S.C § 636 and to satisfy the Declaration of Taking Act's intent that the United States receive possession as soon as possible. Additionally, the June 5th Order erred by (1) suggesting that the United States must complete service of process on all landowners as a prerequisite to being granted possession and (2) requiring the United States "to confer with the parties and submit proposed findings of fact and

evidence relating to the amount and distribution of just compensation as amicus curiae" without the Court first holding a hearing to determine the amount of just compensation owed. Dkt. No. 23 at 3-4. The landowners' right to just compensation will not be impacted by granting the immediate right to possession and all of these steps in terms of service and valuation will occur during this litigation, but, as the Supreme Court noted in *Kirby Forest Industries, Inc. v. United States*, 467 U.S. 1 (1984), they should not delay possession or the Government's ability to move forward with a critical public project. In addition, the referral to a Magistrate Judge on this issue further delays the United States' right to possession. Accordingly, the United States respectfully requests that the Court issue an order granting it immediate possession of the Subject Property consistent with 28 U.S.C § 636 and FED. R. CIV. P. 71.1, and with an expeditious procedure intended by the Declaration of Taking Act.

## I.     The District Judge should enter any order in which the Court awards the United States immediate possession of condemned property.

The purpose of the Declaration of Taking Act is "[t]o give the Federal Government immediate possession of condemned property and to avoid delays in federal construction projects." *Narramore v. United States*, 960 F.2d 1048, 1050 (Fed. Cir. 1992) (citing *United States v. Miller*, 317 U.S. 369, 381 (1943)). To that end, any award of immediate possession should be made by the District Judge and not the Magistrate Judge.

Although not expressly stated in the statute, a motion for possession is the type of ruling reserved to the district judge by 28 U.S.C § 636(b)(l)(A). Though the plain language of § 636(b)(l)(A) does not prohibit a magistrate judge from entering an order transferring possession, it is nonetheless the type of motion that the statute contemplates should be reserved to the district judge. *See* 28 U.S.C § 636(b)(l)(A) (prohibiting the magistrate judge from ruling on certain motions that are dispositive of the litigation). Put differently, the purpose of § 636(b)(l)(A) is to

reserve decisions fundamental to the litigation at issue to the district judge. While the critical issue to be tried in a condemnation action is the amount of just compensation owed to the landowner, *United States v. Reynolds*, 397 U.S. 14, 19-20 (1970), the entire purpose of the Government bringing a condemnation action is to take possession of land so that it may be put to public use. *See Miller*, 317 U.S. at 381; *Kirby Forest*, 467 U.S. at 5, 12. As such, an award of immediate possession to the United States is dispositive of the *purpose* of the litigation, even if not of the litigation itself. It is perhaps for this reason that the United States cannot find any other instance in any federal court of a magistrate judge ever having awarded possession to the Government pursuant to the authority granted to them by 28 U.S.C § 636(b)(l)(A).

Similarly, a magistrate judge may not award the Government possession of the condemned property via a § 636(b)(l)(B) recommendation. First, the recommendation process – specifically the 14-day objection period and then the briefing schedule permitted under the Local Rules – necessarily adds additional delay to the Government's ability to quickly gain possession of the property to complete the public project at issue. Because the entire purpose of the Declaration of Taking Act is to allow the Government to gain immediate title to and possession of the land at issue, referring a motion for possession to a magistrate judge for a report and recommendation runs counter to the provisions and intent of the statute at issue. Second, § 636(b)(l) presumes all parties have been served with a copy of the lawsuit and predicates the validity of the magistrate judge's recommendation on those parties' ability to object within 14 days. *See* 28 U.S.C § 636(b)(l). But, as explained below, the drafters of FED. R. CIV. P. 71.1 intentionally crafted its provisions to allow for the Government to obtain possession of the property before learning the identity of the property's owners, let alone having completed service of the lawsuit (or of a magistrate judge's recommendation) on each of them.

## II. FED. R. CIV. P. 71.1 specifically allows for the Government to obtain possession before completing service on all landowners.

The June 5th Order appears to predicate at least part of its award of possession on the United States having completed service of the condemnation suit on all landowners. *See* Dkt. No. 23 at 3-4. However, the drafters of FED. R. CIV. P. 71.1, the rule governing all federal condemnation actions, crafted the rule to allow the government to obtain possession of the property before learning the identity of the property's owners. Rule 71.1(c)(3) states:

> (3) Parties. When the action commences, the plaintiff need join as defendants only those persons who have or claim an interest in the property and whose names are then known. But before any hearing on compensation, the plaintiff must add as defendants all those persons who have or claim an interest and whose names have become known or can be found by a reasonably diligent search of the records, considering both the property's character and value and the interests to be acquired. All others may be made defendants under the designation "Unknown Owners."

FED. R. CIV. P. 71.1(C)(3). Pursuant to Rule 71.1, the United States is not required to do any search of the land records prior to filing a condemnation action. *See id.* Instead, it must only name the individuals whose names are "then known." *Id.* The Rule 71.1 Advisory Committee explained the effect of this provision on the United States's ability to obtain immediate possession of the property:

> 5. We call attention to the fact that the proposed rule does not contain a provision for the procedure to be followed in order to exercise the right of the United States to take immediate possession . . . when the condemnation proceeding is begun. . . . The existence of this right is taken into account in the rule. In subdivision [(c)(3)], it is stated: "Upon the commencement of the action, the plaintiff need join as defendants only the persons having or claiming an interest in the property whose names are then known." **That is to enable the United States to exercise the right to immediate . . . possession without the delay involved in ascertaining the names of all interested parties.**

FED. R. CIV. P. 71.1 advisory committee's note to 1951 addition. (emphasis added).

As a matter of policy, the United States conducts a substantive, good faith search of the relevant land records and attempts to acquire property via negotiation prior to filing a

condemnation action. However, as Rule 71.1 does not require that all possible landowners be identified or named at the suit's onset, there is also nothing in the Rule that requires that the United States complete service on all landowners prior to the Court awarding it possession of the land at issue, a fact recognized repeatedly within the courts of the Southern District of Texas. *See, e.g.*, *United States v. 0.762 Acres of Land*, No. 7:25-cv-00065, ECF Nos. 92, 94; *United States v. 0.118 Acres of Land*, No. 7:25-cv-00091, ECF Nos. 149, 152, 05/08/2025 *Minute Entry*; and *United States v. 0.384 Acres of Land*, No. 7:25-cv-00114, ECF No. 16, 06/03/2025 *Minute Entry* (simultaneously granting immediate possession of land condemned and 90-day extension to complete service on landowners with notice of condemnation). Copies of the referenced orders and minute entries in the referenced Southern District of Texas cases are attached as **Exhibit 1.**

To the extent that the June 5th Order predicated its award of possession to the United States having completed service on all possible landowners, the Order lacked a basis in law. As a practical matter, given how poor the land records are in many parts of the Court's McAllen Division, particularly Starr County, and many of the recent condemnation actions filed by the United States before this Court have dozens, if not hundreds, of potential landowners, any requirement that the United States complete service will unnecessarily postpone possession and undermine the public purpose necessitating the condemnation. The resulting delay from additional days, if not weeks, runs afoul of the very purpose of the Declaration of Taking Act –"[t]o give the Federal Government immediate possession of condemned property and to avoid delays in federal construction projects." *Narramore*, 960 F.2d at 1050. Moreover, the Fifth Circuit previously found that a district judge may transfer possession to the Government, upon *ex parte* motion, on the same day that the United States files its complaint and declaration of taking accompanied by a deposit of the estimate of just compensation, without a landowner and absent a hearing. *United States v. 131.68 Acres of Land*,

695 F.2d 872 (5th Cir. 1983), *cert. denied*, 464 U.S. 817 (1983). Simply stated, the court may order possession promptly upon papers without need for completion of service or setting a hearing.

### III. The Court should strike the portion of the June 5th Order requiring the United States to submit an *amicus* brief on the amount and distribution of just compensation.

The June 5th Order concludes as follows:

> The Government is instructed to confer with the parties and submit proposed findings of fact and evidence relating to the amount and distribution of just compensation as amicus curiae. *See United States v. 0.56 Acres of Land*, No.20cv428 DMS (KSC), 2024 WL 1716587, at *3 (S.D. Cal. Apr. 22, 2024) (pointing to Fed. R. Civ. P. 71.1 advisory committee's note to 1951 amendments).

Dkt. No. 23 at 4. In a condemnation proceeding, the United States takes no advocacy position on title matters; instead, it may aid the Court on title and distribution matters as *amicus curiae*. FED. R. CIV. P. 71.1 advisory committee's note to 1951 amendments, Supp. Report ("the distribution of the award is a matter in which the United States has no legal interest. . . . United States attorneys are expected to aid the court in such matters as *amici curiae*."); *see also, e.g.*, *United States v. 0.56 Acres of Land*, 2024 WL 1716587, at *3 (S.D. Cal. Apr. 22, 2024) (same); *Washington Metro. Area Transit Auth. v. One Parcel of Land in Prince George's Cnty.*, 197 F. Supp. 2d 339, 342 (D. Md. 2002) ("Although Plaintiff has no advocacy position as to Defendants' claims to title, [Plaintiff] stands in the role of *amicus curiae* and may properly advise the Court on such matters."). However, determining just compensation, *i.e.*, "the amount . . . of just compensation", is the ultimate issue to be decided by the Court at the conclusion of the litigation, and because the United States has a vested interest in the outcome the Government is assigned a traditional role as an adversarial party. *E.g.*, *Kirby Forest*, 467 U.S. at 9–10. There is no basis in law for the June 5th Order's requirement that the United States proceed as *amicus curae* on the amount of just compensation owed for the taking.

Instead, Rule 71.1 requires that the Court hold a hearing on just compensation in order to set the amount of just compensation that the Government owes as a result of the condemnation. FED. R. CIV. P. 71.1(c), (h). Moreover, the Court must hold such a hearing regardless of whether any party has filed an answer. *See id.* 71.1 (e)(3). The June 5th Order cites an order in *0.56 Acres* as the basis for its requirement that the United States file an *amicus* brief on the amount of just compensation owed as a result of this condemnation. Dkt. No. 23 at 4 (citing *United States v. 0.56 Acres of Land*, No. 20cv0428 DMS(KSC), 2024 WL 1716587 (S.D. Cal. Apr. 22, 2024)). However, the *0.56 Acres* order cited notes that that court had already held a hearing on just compensation and its reference of the United States' submission of proposed findings of fact and evidence was "relating to the Court's *title determination*" in its role as amici curiae. *See* 2024 WL 1716587, at *3 (emphasis added). Therefore, the United States respectfully requests that the Court remove the provision of the June 5th Order requiring the United States to file an *amicus* brief on the amount of just compensation owed for the condemnation.

## IV. Conclusion

The United States requested and has no objection to the Court's finding that it should be awarded immediate possession of the Subject Property. However, federal law does not permit a magistrate judge to issue such an order. Nor does federal law require that the United States have completed service on all landowners prior to the Court awarding the United States possession. Finally, any award of just compensation may only be made following a hearing on just compensation, and not via an *amicus* brief filed by the United States. To the extent that the June 5th Order holds otherwise, the United States objects and respectfully requests that the Court enter a new order consistent with 28 U.S.C § 636 and FED. R. CIV. P. 71.1.

        Respectfully submitted,

        **NICHOLAS J. GANJEI**
        United States Attorney
        Southern District of Texas

By:   *s/Baltazar Salazar*
        **Baltazar Salazar**
        Assistant United States Attorney
        S.D. Tex. ID No. 3135288
        Texas Bar No. 24106385
        600 E. Harrison Street, Suite 201
        Brownsville, Texas 78520
        Tel: (956) 983-6057
        Fax: (956) 548-2775
        E-mail: Baltazar.Salazar@usdoj.gov
        Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

    I, Baltazar Salazar, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on June 20-23, 2025, a copy of the foregoing was served on all parties in accordance via CM/ECF email notification and regular mail.

By:   *s/Baltazar Salazar*
        **Baltazar Salazar**
        Assistant United States Attorney