## EXHIBIT 1
## ORDERS AND MINUTE ENTRIES

### *United States v. 0.762 Acres of Land*, No. 7:25-cv-00065

| ECF No. 92 | *Order Granting Plaintiff's Motion for Order of Immediate Possession* |
|---|---|
| ECF No. 94 | *Order (*Granting Plaintiff's Opposed Motion to Extend its current deadline to complete service of process, by Ninety (90) Days) |

### *United States v. 0.118 Acres of Land*, No. 7:25-cv-00091

| ECF No. 149 | *Notice of Rescheduling of Initial Pretrial Conference* |
|---|---|
| ECF No. 152 | *Order Granting Plaintiff's Motion for Order of Immediate Possession* |
| 05/08/2025 *Minute Entry* | Minute Entry for proceedings held before Chief Judge Randy Crane. INITIAL PRETRIAL CONFERENCE held on 5/8/2025. Case called on docket. Parties present. Landowners not present. The Court will grant pending motions and will reset for 90 days by further order. Appearances: Barbara Giovani Falcon, Plaintiff. (ERO:Ricardo Rodriguez), filed. (dsr7) (Entered: 05/08/2025) |

### *United States v. 0.384 Acres of Land*, No. 7:25-cv-00114

| ECF No. 16 | *Order Granting Plaintiff's Motion for Order of Immediate Possession* |
|---|---|
| 06/03/2025 *Minute Entry* | Minute Entry for proceedings held before Chief Judge Randy Crane. INITIAL PRETRIAL CONFERENCE held on 6/3/2025. Case called on docket along with Civil No. 7:25cv127. Counsel for Government updated the Court on status and the completion of service. Counsel requested 90 days continuance to allow time to complete serving landowners involved in case. The Court will reset for 90 days along with Civil No. 7:25cv127. Appearances: Ancy Thomas, Plaintiff. (ERO:Ricardo Rodriguez), filed. (dsr7) (Entered: 06/03/2025) |



United States District Court
Southern District of Texas
**ENTERED**
May 13, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:25-CV-0065 |
| | § | |
| 0.762 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN STARR COUNTY, STATE | § | |
| OF TEXAS; AND SYLVIA LOPEZ, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER**
**OF IMMEDIATE POSSESSION**

Now before the Court is Plaintiff United States of America's Motion for Order of
Immediate Possession (Dkt. No. 59). On February 12, 2025, Plaintiff filed its Complaint seeking
condemnation (taking) of Defendants' estate in fee simple in acres of land identified as Tract No.
RGV-RGC-8022 in Starr County, Texas, and a Declaration of Taking of said property in
accordance with the Declaration of Taking Act, 40 U.S.C. § 3114. (Dkt. Nos. 1, 2).

Through its Motion, Plaintiff now seeks surrender from Defendants of the estate, more
particularly described as:

> The estate taken is fee simple, subject to existing easements for public roads
> and highways, public utilities, railroads, and pipelines; and subject to all interests in
> minerals and appurtenant rights for exploration, development, production and
> removal of said minerals;
>
> Reserving to the owners of the lands identified as Share 3-A, Ventura Vela
> Survey, Abstract No. 184, Porción 84, ancient jurisdiction of Camargo, Mexico,
> now Starr County, Texas, in conveyance recorded with the Official Records of Starr
> County, Texas, Volume 138, Page 215, reasonable access to and from the owners'
> lands lying between the Rio Grande River and the border barrier through opening(s)
> or gate(s) in the border barrier between the westernmost mark labeled "Beginning"
> and easternmost mark labeled "Ending" depicted on the map in Schedule E;

*Order for Immediate Possession*

Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation and maintenance of the border barrier.

(Dkt. 2-1 at 17, Schedule E). On March 3, 2025, the Plaintiff deposited in the registry of this Court, the sum of $11,744.00 as the estimated just compensation for the taking. (Dkt. No. 26). Plaintiff asserts that the actions taken in this case have given it title to, and the right to immediate possession of, the subject property. After reviewing the motion and the arguments presented, the Court hereby **ORDERS** that Plaintiff's Motion for Order of Immediate Possession (Dkt. No.59) is **GRANTED**.

Accordingly, the Court finds Plaintiff complied with the Declaration of Taking Act, 40 U.S.C. § 3114. Thus, this Court **ORDERS** that Defendants to the above-referenced action and all persons who own or claim ownership, possession and/or control of the property described in the Complaint (Dkt. No. 1) herein, shall surrender possession of said property, to the extent of the estate being condemned, to Plaintiff immediately. The Court reserves Defendants' right to litigate any questions concerning title and/or the amount of just compensation to be paid at a later date.

It is further **ORDERED** that a notice of this order shall be served on all persons in possession or control of the said property forthwith.

SO ORDERED this 13th day of May, 2025, at McAllen, Texas.

_____

**RANDY CRANE**
United States Chief Judge

Page **2** of **2**
*Order for Immediate Possession*

United States District Court
Southern District of Texas

**ENTERED**

May 13, 2025

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:25-CV-0065 |
| | § | |
| 0.762 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN STARR COUNTY, STATE | § | |
| OF TEXAS; AND SYLVIA LOPEZ, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

**<u>ORDER</u>**

Upon consideration of Plaintiff's Opposed Motion to Extend its current deadline of May 13, 2025 to complete service of process, by Ninety (90) Days, to August 11, 2025 (Dkt. No. 88), this Court is of the opinion that good cause exists for this request. It is hereby:

**ORDERED** that Plaintiff's Opposed Motion to Extend its current deadline of May 13, 2025 to complete service of process, by Ninety (90) Days, to August 11, 2025 is **GRANTED**.

The Clerk shall send a copy of this order to counsel for the parties.

SO ORDERED May 13, 2025, at McAllen, Texas.

Randy Crane
United States District Judge

United States District Court
Southern District of Texas
**ENTERED**
May 13, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:25-CV-091 |
| | § | |
| 0.118 ACRES OF LAND, MORE OR LESS, *et* | § | |
| *al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### NOTICE OF RESCHEDULING OF INITIAL PRETRIAL CONFERENCE

The Initial Pretrial Conference (previously set for May 8, 2025) is hereby reset for August 5, 2025, at 9:30 a.m. before the Honorable Randy Crane, in the 9th Floor Courtroom, Bentsen Tower, 1701 West Business Highway 83, in McAllen, Texas.

Counsel for Plaintiff is required to serve a copy of the Order for Conference and Disclosure of Interested Parties previously entered in this case together with a copy of this Order upon Defendant or Defendant's counsel.

SO ORDERED May 13, 2025, at McAllen, Texas.

Randy Crane
Chief United States District Judge

1 / 1

United States District Court
Southern District of Texas

**ENTERED**

May 13, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:25-CV-091 |
| | § | |
| 0.118 ACRES OF LAND, MORE OR | § | |
| LESS, SITUATE IN STARR COUNTY, | § | |
| STATE OF TEXAS; AND UNKNOWN | § | |
| HEIRS OF PEDRO RAMIREZ, et al.; | § | |
| | § | |
| *Defendants.* | § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER
OF IMMEDIATE POSSESSION**

Now before the Court is Plaintiff United States of America's Motion for Order of Immediate Possession (Dkt. No. 116). On March 4, 2025, Plaintiff filed its Complaint seeking condemnation (taking) of Defendants' estate in fee simple in acres of land identified as Tract No. RGV-RGC-8042 in Starr County, Texas, and a Declaration of Taking of said property in accordance with the Declaration of Taking Act, 40 U.S.C. § 3114.[1]

Through its Motion, Plaintiff now seeks surrender from Defendants of the estate, more particularly described as:

> The estate taken is fee simple, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals;

> Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such

---

[1] Dkt. Nos. 1, 2.

water rights or systems are subordinated to the United States' construction, operation and maintenance of the border barrier.[2]

Plaintiff, however, does not seek the surrender of the gate access reserved to certain landowners and more fully described within the Declaration of Taking. (Dkt. No. 2-1 at 15-16, Schedule E).

On March 21, 2025, the Plaintiff deposited in the registry of this Court the sum of $4,130.00 as the estimated just compensation for the taking.[3] Plaintiff asserts that the actions taken in this case have given it title to, and the right to immediate possession of, the subject property. (Dkt. No. 116). After reviewing the motion and the arguments presented, the Court hereby **ORDERS** that Plaintiff's Motion for Order of Immediate Possession (Dkt. No. 116) is **GRANTED**.

Accordingly, the Court finds Plaintiff complied with the Declaration of Taking Act, 40 U.S.C. § 3114. Thus, this Court **ORDERS** that Defendants to the above-referenced action and all persons who own or claim ownership, possession and/or control of the property described in the Complaint[4] herein, shall surrender possession of said property, to the extent of the estate being condemned, to Plaintiff immediately. The Court reserves Defendants' right to litigate any questions concerning title and/or the amount of just compensation to be paid at a later date.

It is further **ORDERED** that a notice of this order shall be served on all persons in possession or control of the said property forthwith.

SO ORDERED this 13th day of May, 2025, at McAllen, Texas.

_____
**RANDY CRANE**
United States Chief Judge

---

[2] Dkt. 2-1 at 15, Schedule E.
[3] Dkt. No. 44.
[4] Dkt. No. 1.

United States District Court
Southern District of Texas
**ENTERED**
June 02, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:25-CV-114 |
| | § | |
| 0.384 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN STARR COUNTY, STATE | § | |
| OF TEXAS; AND HILARIA SOLIS | § | |
| HERNANDEZ, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER
OF IMMEDIATE POSSESSION**

Now before the Court is Plaintiff United States of America's Motion for Order of Immediate Possession (Dkt. No. 7). On March 18, 2025, Plaintiff filed its Complaint seeking condemnation (taking) of Defendants' estate in fee simple in acres of land identified as Tract Nos. RGV-RGC-9059 and RGV-RGC-9059-1 in Starr County, Texas, and a Declaration of Taking of said property in accordance with the Declaration of Taking Act, 40 U.S.C. § 3114. (Dkt. Nos. 1, 2).

Through its Motion, Plaintiff now seeks surrender from Defendants of the estate, more particularly described as:

> The estate taken is fee simple, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals;

> Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such

water rights or systems are subordinated to the United States' construction, operation and maintenance of the border barrier.

(Dkt. 2-1 at 21, Schedule E). On March 21, 2025, the Plaintiff deposited in the registry of this Court the sum of $1,729.00 as the estimated just compensation for the taking. (Dkt. No. 6). Plaintiff asserts that the actions taken in this case have given it title to, and the right to immediate possession of the subject property. After reviewing the motion and the arguments presented, the Court hereby **ORDERS** that Plaintiff's Motion for Order of Immediate Possession (Dkt. No. 7) is **GRANTED**.

Accordingly, the Court finds Plaintiff complied with the Declaration of Taking Act, 40 U.S.C. § 3114. Thus, this Court **ORDERS** that Defendants to the above-referenced action and all persons who own or claim ownership, possession and/or control of the property described in the Complaint (Dkt. No. 1) herein, shall surrender possession of said property, to the extent of the estate being condemned, to Plaintiff immediately. The Court reserves Defendants' right to litigate any questions concerning title and/or the amount of just compensation to be paid at a later date.

It is further **ORDERED** that a notice of this order shall be served on all persons in possession or control of the said property forthwith.

SO ORDERED this 2nd day of June, 2025, at McAllen, Texas.

_____
**RANDY CRANE**
United States Chief Judge